IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTIN FRANKEL,                    :
    *Plaintiff*,                 :
                                  :
    v.                            :    CIVIL ACTION NO. 21-CV-0093
                                  :
HONORABLE JOHN D. KESSLER,         :
*et al.*,                          :
    *Defendants*.                :

## MEMORANDUM

**PAPPERT, J.**                                        **JANUARY 21, 2021**

Currently before the Court is a Complaint filed by Martin Frankel against John D. Kessler, a Magisterial District Judge in Montgomery County, and Maria H. Guzman, Frankel's landlord.  (ECF No. 2.)  Frankel raises claims pursuant to 42 U.S.C. § 1983 based on eviction proceedings brought against him in state court that he claims violate his constitutional rights and federal law.  Frankel also filed an Application to Proceed *In Forma Pauperis* and a Motion for an Emergency Temporary Restraining Order, seeking to enjoin a hearing scheduled in the eviction proceeding.  (ECF No. 1 & 3.)  For the following reasons, the Court will dismiss Frankel's Complaint because it is barred by the Anti-Injunction Act.

I

Frankel alleges that he is facing eviction proceedings in Landlord-Tenant Court in Montgomery County.  *See Guzman v. Frankel*, MJ-38104-LT-0000019-2020.  Guzman filed the eviction complaint against Frankel in September of 2020.  *Id.*  Judge Kessler was assigned to the case and has been presiding over the proceedings.  *Id.*  The docket reflects that Frankel is being represented by counsel from Legal Aid.  *Id.*  Hearings

1

have been scheduled in the case but have been repeatedly continued or moved.  *Id.*  The next hearing is currently scheduled for February 11, 2021.  *Id.*

Frankel's Complaint raises claims against Guzman and Judge Kessler, in his official capacity, pursuant to 42 U.S.C. § 1983 for allegedly violating Frankel's Fourteenth Amendment due process rights and the Supremacy Clause in connection with the eviction proceeding.  (ECF No. 2 at 1-2 & 12-14.)  Relevant here, because of the pandemic caused by COVID-19, the Center for Disease Control issued an eviction moratorium, which temporarily halted evictions for non-payment of rent from September 4, 2020 through December 31, 2020.  *See* Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 FR 55292-01 (Sept. 4, 2020).  That order was recently extended to January 31, 2021.  *See* Centers for Disease Control, *HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 Frequently Asked Questions,* at https://www.cdc.gov/coronavirus/2019-ncov/downloads/eviction-moratoria-order-faqs.pdf.  Although Frankel has not been evicted, the Court understands him to be alleging that Judge Kessler's scheduling of hearings in the eviction proceeding while the moratorium is in effect violates the Supremacy Clause and violates Frankel's due process rights based on Frankel's expectation that the hearing will lead to his eviction during the pandemic.  Frankel is sixty-six years old and has a compromised immune system, and fears that his eviction would expose him to COVID-19 and result in his death.  (ECF No. 2 at 20.)

This is the third iteration of this case.  Frankel initiated his first case on October 19, 2020, by filing an application to proceed *in forma pauperis* and a motion for a

temporary restraining order seeking to enjoin a hearing in the eviction case that was set for October 22, 2020. *See Frankel v. Guzman*, Civ. A. No. 20-5208 (E.D. Pa.) (ECF Nos. 1 & 2.) The Court granted Frankel leave to proceed *in forma pauperis*, denied his motion for a temporary restraining order because it sought relief barred by the Anti-Injunction Act, and gave Frankel thirty days to file a proper complaint in accordance with Federal Rule of Civil Procedure 3. *Id.* (ECF Nos. 4 & 5.)

Rather than file a complaint in that case, Frankel initiated a new civil action on November 4, 2020 by filing an application to proceed *in forma pauperis* and an emergency motion for a preliminary injunction and restraining order seeking to stay a November 5, 2020 hearing in the eviction case and challenging the Court's denial of his motion in the prior case. *See Frankel v. Kessler*, Civ. A. No. 20-5514 (E.D. Pa.) (ECF Nos. 1 & 2). The Court granted Frankel leave to proceed *in forma pauperis*, denied the emergency motion for the same reasons it denied Frankel's motion seeking to enjoin the October hearing, and gave Frankel an opportunity to file a proper complaint in accordance with Federal Rule of Civil Procedure 3. *Id.* (ECF No. 4.)

Frankel's first case, Civil Action Number 20-5208, was dismissed on November 24, 2020, without prejudice for failure to prosecute when he failed to file a complaint. Although Frankel submitted a complaint in his second case, Civil Action Number 20-5514, he failed to sign that complaint in accordance Federal Rule of Civil Procedure 11 and a Court order directing him to do so, leading to that case being dismissed without prejudice for failure to prosecute on December 23, 2020.[1]

---

[1] Although the Defendants had not yet been served with process, counsel entered her appearance for Judge Kessler and moved to dismiss the claims against him. That motion was denied as moot at the time the case was dismissed.

On January 7, 2021, Frankel filed this civil action, his third, seeking to enjoin a hearing in the eviction action scheduled for that date.  As noted above, Frankel alleges that the Defendants are violating his due process rights and the Supremacy Clause by scheduling hearings in his eviction proceeding that he expects to lead to his eviction and death.  (*See* ECF No. 2 at 14-15 & 39-41.)  He alleges that, since the CDC's eviction moratorium was extended through the end of January, the January 7, 2021 hearing in his eviction case must be continued, and that, even if the hearing was allowed to proceed, any eviction order must be stayed until February 1, 2021.  *Id.* at 8-9 (stating that Frankel brought this case "seeking the Court order the eviction proceeding, scheduled to be held against [him] on January 7, 2021, must be continued until after January 31, 2021"); *id.* at 74-75 (asking the Court to prohibit Judge Kessler from holding the January hearing or, in the alternative, to stay any eviction order until February).  Frankel also alleges that this Court incorrectly denied his motions for injunctive relief in the prior cases based on the Anti-Injunction Act.  Frankel's Emergency Motion repeats the allegations of his Complaint and seeks the same relief, although at times it refers to the October 22, 2020 hearing that was the subject of his first federal case.[2]  (*See* ECF No. 3.)

## II

The Court will grant Frankel leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.

---

[2] Frankel submitted his documents for filing to the Clerk of Court via email at 10:41 a.m. on January 7, 2021 to enjoin the hearing set for 1:30 p.m. that same day, leaving the Clerk's Office and the Court less than three hours to address his lengthy filings before the scheduled hearing.  (*See* ECF No. 2-3.)  The documents were not docketed until the next day, and the Court did not become aware of them until that time.

Accordingly, the Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim for relief. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Frankel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III

### A

Since the hearing at issue in this case has already been continued beyond January 31, 2021, the Court will first address whether this case is moot because Frankel has received his requested relief. Article III of the Constitution, which limits the power of federal courts to addressing cases and controversies, "does not permit federal courts to decide moot cases." *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993). This principle "follows from the often-repeated rule that under the case or controversy requirement, federal courts are without power to decide questions that cannot affect the rights of the litigants in the case before them." *Id.* (internal quotations omitted). If developments occur that "prevent a court from being able

to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the only relief requested by Frankel is a stay of the hearing in his eviction proceeding through the end of January, when the CDC's eviction moratorium expires, or in the alternative, a stay of any anticipated eviction order through the end of January in the event the eviction hearing was held.  (ECF No. 2 at 8-9 & 74-75.)  The docket for the eviction proceeding reflects that the scheduled eviction hearing was continued until February 11, 2021, after the CDC's moratorium expires, provided it is not again extended before the end of the month.  *See Guzman v. Frankel*, MJ-38104-LT-0000019-2020.  Frankel expresses fear about his eviction during the pandemic, which this Court does not intend to minimize, but his Complaint in this case and his filings in his prior cases have prematurely anticipated that outcome.  Although that concern may be motivating his Complaint, the manner in which Frankel's legal challenges are drafted and the relief he seeks are limited to the state court's scheduling of a hearing in the eviction proceeding while the CDC's moratorium is in effect and his desire to delay that hearing until the moratorium expires.  That is the most reasonable reading of the Complaint under even the most liberal construction.  Since Frankel has already received his requested relief, there is nothing left for the Court to do.[3]  *See Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (holding moot a case in which father sought injunctive and declaratory relief from an alleged conspiracy to deprive him of contact with his son because father regained custody of his son).

---

[3] It is worth noting that, for each hearing Frankel has sought to stay, the state court continued the hearing without this Court's intervention.  That Frankel initiates a new case for each newly-scheduled hearing suggests that he views each case as based upon a discrete hearing rather than as part of a larger course of conduct.

There are, however, exceptions to the mootness doctrine.  The relevant exception here allows review of issues that are "deemed a wrong capable of repetition yet evading review."  *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 384 (3d Cir. 2001).  "The capable-of-repetition doctrine is a narrow exception that 'applies only in exceptional situations' where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'"  *Hamilton*, 862 F.3d at 335 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).  Here, the challenged action — the state court's rescheduling of Frankel's eviction hearing on essentially a monthly basis after continuing the prior hearing — is too short to be fully litigated and thus evades review.  *See Del. Dep't of Nat. Res. & Envtl. Control v. United States Envtl. Prot. Agency*, 746 F. App'x 131, 133-34 (3d Cir. 2018) ("[T]he [agency's] extension — lasting only six months in duration — is too short to be fully litigated before its expiry and thus evades review."); *Finberg v. Sullivan*, 634 F.2d 50, 55 (3d Cir. 1980) ("[M]ootness is not the result in cases challenging 'short term orders, capable of repetition, yet evading review.'" (quoting *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)).  It is also reasonable to expect that Frankel may be subject to the same action again during the pandemic as the CDC considers extending the moratorium for brief periods of time and the state court reschedules hearings.  That conclusion is reinforced by the fact that this is the third time Frankel has brought the same claims to this Court as the hearing has been rescheduled.  Accordingly, the Court concludes that this case is not moot.  *See In re Diet Drugs.*, 90 F. App'x 643, 646 (3d Cir. 2004) (short term court

orders were capable of repetition yet evading review in light of "further extension of deadlines").

B

Although the Court may address Frankel's Complaint, his claims are barred by the Anti-Injunction Act. *See* 28 U.S.C. § 2283. The Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)). These exceptions should be construed narrowly, and any doubts should be resolved in favor of permitting the state court to proceed. *Id.* at 103-04; *see also Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) ("[T]he Act's core message is one of respect for state courts."). As in his prior cases, Frankel suggests that the second exception — that a federal court may enjoin state court proceedings "where necessary in aid of its jurisdiction" — applies here to permit this Court to stay his eviction proceeding in state court.

"[A]n injunction is necessary in aid of a court's jurisdiction only if 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *In re Diet Drugs*, 282 F.3d 220, 234 (3d Cir. 2002) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)). "Without more, it may not be sufficient that prior resolution of a state court action will deprive a federal court of the opportunity to resolve the merits of a parallel action in federal court." *Id.* "[T]he typical application of this exception has

8

been in removal cases (where a district court must ensure its exclusive governance of the particular litigation removed) and in *in rem* cases (where, under the traditional view, only one court can entertain jurisdiction over a particular physical *res*)." *See 1975 Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 407 (3d Cir. 1992) (footnote omitted).  The exception has also been applied in complex litigation. *See In re Diet Drugs*, 282 F.3d at 235.

In contrast to those categories of cases in which this exception has been applied, and as previously explained to Frankel in the context of his first case, courts have generally concluded that "'[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction . . . proceedings.'" *Frankel v. Guzman*, Civ. A. No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (quoting *McMillan v. Nationstar Mortg. Co.*, Civ. A. No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) and citing authority); *see also Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 656 (11th Cir. 2014) ("Because we conclude that none of the three exceptions to the Anti-Injunction Act applies, the district court abused its discretion by enjoining the state court's default eviction judgment"); *Bond v. JPMorgan Chase Bank, N.A.*, 526 F. App'x 698, 702 (7th Cir. 2013) (noting, in dicta, that "had [plaintiff in a Fair Housing Act case] requested an injunction staying the eviction proceedings, we think it unlikely that the court would have been permitted to grant him that relief").  It is worth noting that in this case, Frankel is pursuing constitutional claims or defenses that may be argued in his state case.  His primary argument in favor of a stay is based on his anticipation and speculation that the state court will be biased against his arguments and will evict him on the date of the hearing — even though this has not happened in the three cases

9

Frankel has filed — potentially leaving him unable to pursue his claims in federal court because of the *Rooker-Feldman* doctrine. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) (explaining that, pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments"). However, his speculation that the state court might reject his constitutional arguments, even if legally incorrect and accomplished in a manner that cannot be rectified by this Court, does not remove his requested injunction from the ambit of the Anti-Injunction Act. *See Atl. Coast Line R.R. Co.*, 398 U.S. at 296 ("Nor was an injunction necessary because the state court may have taken action which the federal court was certain was improper . . . . Again, lower federal courts possess no power whatever to sit in direct review of state court decisions."); *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 825 (7th Cir. 2003) ("Instead of an injunction by the federal district court, the aggrieved party's recourse is by appeal through the state court system and, ultimately, to the Supreme Court.").

IV

For the foregoing reasons, the Court will grant Frankel leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the Anti-Injunction Act. His Motion for an Emergency Temporary Restraining Order will be denied for the same reason. Frankel will not be given leave to file an amended complaint because amendment would be futile. An appropriate Order follows dismissing this case.

**BY THE COURT:**

10

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**